J-S08019-24

2024 PA Super 76

| MICHAEL KOPINETZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WASTE MANAGEMENT AND | : | No. 1344 MDA 2023 |
| PROCESSORS, INC. | : | |

Appeal from the Order Entered August 24, 2023
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s): S-409-2023

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

DISSENTING OPINION BY STEVENS, P.J.E.:     **FILED: APRIL 19, 2024**

Appellant Michael Kopinetz filed a civil complaint against his employer, Waste Management and Processors, Inc. ("WMP"), alleging a single count-violation of the Medical Marijuana Act ("MMA"), 35 P.S. § 1023.1.101 *et seq.* I would affirm the trial court's order dismissing Appellant's complaint with prejudice.

It is undisputed Appellant made the following factual averments in his complaint: Appellant was a lawful user of medical marijuana under the Commonwealth's Medical Marijuana Program ("MMP"); however, he did not inform WMP that he was legally permitted to use medical marijuana. WMP randomly selected Appellant for a drug test. Still, Appellant did not inform

---

[*] Former Justice specially assigned to the Superior Court.

WMP that he was legally permitted to use medical marijuana, and he did not disclose this fact to the third-party administrator. Appellant tested positive for marijuana, and WPM called him into a disciplinary meeting. Upon entering the meeting, Appellant immediately blurted out he was issued a valid card under the MMA. WMP suspended Appellant, indicated it needed to look into its drug policy, and one week later, WMP fired Appellant.

The trial court, indicating it was taking these facts as true, granted WMP's preliminary objections and dismissed Appellant's complaint with prejudice. *See* Trial Court Opinion, 8/24/23, at 3. The trial court concluded Appellant failed to state a claim upon which relief could be granted under the MMA. Specifically, the trial court indicated:

> The [MMA] states an employer cannot discharge an employee solely upon the basis of his or her status as an individual certified to use medical marijuana. It is undisputed that [Appellant] was suspended and then terminated from work due to using marijuana and having it show up on a positive drug screening. [Appellant] was not selected for a drug test based upon his certification as a medical marijuana user because it is undisputed that [WMP] was unaware of his status until after the positive drug test. [Appellant] was not scheduled for a disciplinary hearing [with WMP] because of his status but because he tested positive for marijuana. As [WMP] was unaware of [Appellant's] medical marijuana status, [WMP] was unable to discriminate against [Appellant] based upon his status. Instead, [Appellant] had a positive drug test due to random screening, he never disclosed prior to the disciplinary meeting that he had a certified medical marijuana card, and he was terminated based upon his positive drug test.
>
> The [MMA] specifically does not limit [WMP's] ability to discipline [Appellant] or any other employee for being under the influence of medical marijuana. There is no dispute that [WMP] was unaware of [Appellant's] status until after the positive drug screen at the disciplinary meeting for the positive drug test.

- 2 -

> Taking the facts in the light most favorable to [Appellant], there is no cause of action under the MMA. As such, [WMP's] preliminary objections [were properly] sustained.

*Id.* at 3-4.

Contrary to the Majority, I conclude the trial court's rationale is sound. Simply put, the fact WMP didn't immediately fire Appellant (before he blurted out that he carried a valid card under the MMA) does not create a factual dispute about whether WMP fired Appellant for a valid reason (*i.e.*, the positive drug test). Accordingly, I would affirm the trial court's dismissal of Appellant's complaint with prejudice, and, thus, respectfully dissent.